FILED          FILED

UNITED STATES DISTRICT COURT   2010 NOV 23  P 5: 02
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DIST COURT CLERK          U.S. DIST COURT CLERK
EASTERN MICH                   EASTERN MICH
FLINT                          FLINT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:10-CR-20166 |
| Plaintiff, | HON. MARK A. GOLDSMITH<br>United States District Judge |
| v. | **Offense(s):**<br>Count One: 21 U.S.C. §846 & 841 (b)(1)(B)<br>Conspiracy to Distribute Cocaine |
| D-1 JERMAINE LOVE JACKSON, | |
| Defendant. | **Statutory Penalties:**<br>Imprisonment -  At least 10 years &<br>up to life<br>Supervised Release - At least 8 years<br>Fine - Up to $4,000,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

## 1. GUILTY PLEA(S)

### A. Count(s) of Conviction

Defendant will enter a plea of guilty to count one of the indictment, which charges defendant with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 United States Code, Section 846.

**B.**  **Elements of Offense(s)**

The elements of count one are :

   (1) defendant and at least one other person conspired, or agreed, to commit the crimes of distribution and possession with the intent to distribute at least 500 grams of cocaine;

   (2) defendant knowingly, intentionally, and voluntarily joined the conspiracy; and

   (3) defendant knew, or reasonably foresaw, that the conspiracy involved the actual distribution or planned distribution of at least 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**C.**  **Factual Basis for Guilty Plea**

The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty plea:

On October 9, 2009, a package containing one kilogram of cocaine was interdicted at the FedEx airhub in Flint, Michigan.  The cocaine was hidden in a hollowed out book.  The package was addressed to Barb Johnson, 3513 Whitney Street, Flint, Michigan, which is in the Eastern District of Michigan.  Officers

- 2 -

assigned to the Flint Area Narcotics Group delivered the package to 3513 Whitney Street, where Mekel Johnson identified herself as Barb Johnson and accepted the package. Approximately fifteen minutes later, surveillance officers observed defendant, Jermaine Love Jackson, enter 3513 Whitney. Jackson left with the package which contained the cocaine approximately three minutes later.

Thereafter, officers in marked patrol vehicles attempted to conduct a traffic stop of the vehicle Jackson was driving. Jackson fled in the vehicle from the officers and, during his flight, discarded two packages from his vehicle. Officers recovered the packages and each contained approximately one kilogram of cocaine hidden within hollowed out books.

Subsequently, a search warrant was executed at defendant Jermaine Jackson's residence and officers located a third hollowed out book, consistent with the seized packages. Thus, three kilograms of cocaine are attributable to Jermaine Jackson.

On April 22, 2002, Jermaine Jackson was convicted of possession of cocaine in the Genesee County Circuit Court. Possession of cocaine is a drug felony within the meaning of 21 U.S.C. 841 (b)(1)(B).

2.     **SENTENCING GUIDELINES**

A.     **Standard of Proof**

The court will find sentencing factors by a preponderance of the evidence.

B.     **Agreed Guideline Range**

The parties disagree only on the applicability of the following guideline(s):

3C1.2          Reckless Endangerment During Flight

The government recommends that the court determine that defendant's guideline range is 120 months, as set forth on the attached worksheets.  Defendant also recommends that the court determine that his/her guideline range is 120 months, however, contests the application of this guideline section.  The court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he/she will not have a right to withdraw his/her guilty plea if the court does not follow his/her recommendation.

If the court finds: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or, (b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his/her probation officer; committed a new crime; otherwise demonstrated a lack of acceptance of responsibility for his/her

offense(s); or obstructed justice, and if any such finding results in a guideline range higher than is recommended by a party, then the higher guideline range becomes that party's recommended range.  However, if the court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in either party's recommended range.

Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.  Additionally, the U.S. Attorney agrees that defendant has assisted the authorities, within the meaning of USSG §3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  The U.S. Attorney therefore moves that defendant be granted a third level reduction for acceptance of responsibility.

- 5 -

Neither party may take a position in this court contrary to any position of that party as stated above, except as necessary to the court's determination regarding defendant's criminal history; acceptance of responsibility, and obstruction of justice.

**3.**   **SENTENCE**

The court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.**   **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the midpoint of the sentencing guideline range as determined by paragraph 2B of this agreement.  However, the court **must** impose a sentence of imprisonment on count one, the count of conviction, of at least ten years.

**B.**   **Supervised Release**

A term of supervised release follows the term of imprisonment.  The court **must** impose a term of supervised release on count one of no less than eight (8) years and up to life. The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation

- 6 -

of supervised release.

### C.   Special Assessment(s)

Defendant will pay a special assessment of **$100**.

### D.   Fine

The court may impose a fine on each count of conviction in any amount up

to **$4,000,000**.

### E.   Restitution

The court may order community restitution pursuant to 18 U.S.C. § 3663(c).

## 4.   OTHER CHARGES

If the court accepts this agreement, the government will dismiss count two

of the indictment.  In addition, the government will not bring additional charges

against defendant based on any of the conduct reflected in the attached

worksheets.

## 5.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the court finds the

correct guideline range to be less than that recommended by the government.

Defendant may withdraw from this agreement, and may withdraw his/her

guilty plea, if the court decides to impose a sentence higher than the maximum

allowed by this agreement. This is the only reason for which defendant may

withdraw from this agreement. If defendant decides not to withdraw his/her guilty

plea pursuant to this provision, the sentence that the court imposes may be greater

than that allowed by this agreement.

## 6.    **APPEAL WAIVER**

If the sentence imposed does not exceed the maximum allowed by Part 3 of

this agreement, defendant waives the right to appeal his/her conviction or sentence

on any grounds. If the sentence imposed is within the guideline range determined

by Paragraph 2B, the government agrees not to appeal the sentence but retains its

right to appeal any sentence below that range.

Defendant understands that defendants generally have the right to attack

their convictions and sentences by filing post-conviction motions, petitions, or

independent civil actions. As part of this agreement, however, defendant

knowingly and voluntarily waives that right and agrees not to contest his/her

conviction or sentence in any post-conviction proceeding, including–but not

limited to–any proceeding under 28 U.S.C. § 2255.

7.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his/her guilty plea(s), or if any conviction entered pursuant to this agreement is vacated, any charges dismissed pursuant to this agreement and additional charges which relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, may be filed against defendant within six months after the order vacating defendant's conviction or allowing him/her to withdraw his/her guilty plea becomes final.  Defendant waives his/her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.   **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  Except as provided in the next paragraph, this agreement supersedes all other promises, representations,

- 9 -

understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. ACKNOWLEDGMENT

Defendant understands that a felony conviction makes it illegal under most circumstances for a person to possess or receive a firearm or ammunition that has been shipped in or affects commerce.

**11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the

Office of the United States Attorney by 3:00 p.m. on November 23, 2010. The

government reserves the right to modify or revoke this offer at any time before

defendant pleads guilty.

BARBARA L. McQUADE
United States Attorney

_____          _____ AUSA
CRAIG F. WININGER                   by BARBARA COLBY TANASE
Assistant United States Attorney    Assistant United States Attorney
600 Church Street                   Chief, Branch Offices
Flint, Michigan 48502-1280
Phone: (810) 766-5032
Fax: (810) 766-5427
craig.wininger@usdoj.gov
P57058

Date:  November 23, 2010


By signing below, defendant acknowledges having read (or been read) this
entire document, understanding it, and agreeing to its terms.  Defendant also
acknowledges being satisfied with defense attorney's advice and representation.
Defendant acknowledges having had a full and complete opportunity to confer
with counsel, and that all of defendant's questions have been answered by counsel.

_____          _____
RICHARD D. KORN                     JERMAINE LOVE JACKSON
Attorney for Defendant              Defendant

Date:  11/23/10

- 11 -

| Defendant: | Jermaine Love Jackson | Count: | One |
| --- | --- | --- | --- |
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
| --- | --- | --- |
| 2D1.1(a)(5) | At least 2 kilos but less than 3.5 kilos of cocaine | 28 |
| | | |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
| --- | --- | --- |
| 3C1.2 | Reckless Endangerment During Flight | 2 |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

30

X

Rev. 8/2010

| Defendant: | German Vera-Mata | Court No.: | 1 |
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

# WORKSHEET C  (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1.    **PRIOR SENTENCES**

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):     3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):     2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):     1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 12/13/00 | | Poss of marijuana and possession of a firearm in a vehicle | Probation | | 1 |
| 6/29/99 | | Possession of a firearm under the influence | Probation | | 0 |
| 8/11/00 | | Possession of marijuana | 10 days; probation | | 1 |
| 4/22/02 | | Possession of cocaine | 2 years probation | | 1 |
| 11/16/09 | | PWID cocaine | 2 - 20 years | | 3 |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Rev. 8/2010

| Defendant: | Jermaine Love Jackson | Count: | One |
|---|---|---|---|
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

**(WORKSHEET C, p. 2)**

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

[ - ]

**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

[ - ]

**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

[ - ]

**5.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

[ 6 ]

**6.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

[ III ]

Rev. 8/2010

| Defendant: | Jermaine Love Jackson | Count: | One |
|---|---|---|---|
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

30

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

-3

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

27

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

III

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.   <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

-

    b.   <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

-

**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

87 - 108<br>months

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

120<br>months

Rev. 8/2010

| Defendant: | Jermaine Love Jackson | Count: | One |
|---|---|---|---|
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

# WORKSHEET E   (Authorized Guideline Sentences)

**1.     PROBATION  (U.S.S.G. ch. 5, pt. B)**

 a.    <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[x]  1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]  2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]  3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

 b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]  1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]  2.   No more than 3 years (total offense level < 6).

 c.    <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

 The court must impose certain conditions of probation and may impose other conditions of probation.

**2.     SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[x]  a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]  b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.     IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

 A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

Rev.  8/2010

| Defendant: | Jermaine Love Jackson | Count: | One |
|---|---|---|---|
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. I year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☒ 4. The statute of conviction requires a minimum term of supervised release of __96__ months.

c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $___.

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☒ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3663(c).)

☐ 5. Restitution is not applicable.

Rev. 8/2010

| Defendant: | Jermaine Love Jackson | Count: | One |
|---|---|---|---|
| Docket No.: | 4:10 - CR - 20166 | Statute(s): | 21 U.S.C. 846 |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $   12,500 | $   4,000,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of **$ 100** .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

☐  Assets of the defendant will be forfeited.    ☒ X  Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 8/2010