UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

          Plaintiff,

v.

Jermaine Jackson,

          Defendant.

Case No. 10-cr-20166

Hon. Mark A. Goldsmith
United States District Judge

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE**
_____

      Thirty months into his mandatory eight-year term of supervision, Jackson moved for early termination of his supervised release. For the reasons set forth in the attached brief, the government recommends the Court deny the motion. The probation department agrees that at this point Jackson should continue under supervision.

## Brief

## Background

In 2009, Jackson conspired to distribute large amounts of cocaine. (ECF No. 50, PgID 155). In order to avoid detection, Jackson arranged to have kilos of cocaine hidden in hollowed out books and shipped to Michigan. (*Id.*). Jackson further hid his involvement in the conspiracy by arranging to have a female accept and hold the packages for him. (*Id.*).

Jackson was arrested after undercover officers delivered a shipment to the female. (*Id*). Jackson arrived shortly after the delivery and left the home with the package. (*Id*). Officers tried to stop Jackson in his car with the drugs, but he led them on a high-speed chase. (*Id*). As he fled, Jackson tossed two kilos of cocaine from his car. (*Id*). And when officers searched his house, they found evidence of a third. (*Id*).

In November 2010, Jackson pleaded guilty to conspiracy to distribute more than 500 grams of cocaine. (*Id*). Because he had prior convictions for possession with the intent to distribute cocaine and possession of cocaine, he was sentenced to 10 years in prison. (ECF No. 28, Page ID 53, ECF No. 56, PgID 230). The Court also imposed an eight-year term of supervised release. (*Id.* at 231).

Jackson's time in prison was not uneventful. In 2012, he was sanctioned for using another inmate's phone account. Two years later, he was sanctioned for

2

possessing 20 balloons of tobacco. Later in 2014, he was sanctioned for trying to destroy contraband.

Jackson was released from prison in May 2019. About five months later, he failed a drug test after he used cocaine. To his credit, since then Jackson has not failed another drug test.

After less than three years of the eight-year term of supervision the Court imposed at sentencing, Jackson has moved for early termination of supervised release.

## Argument

When considering a motion for early termination of supervised release, courts have the authority to:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established

by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). *United States v. Battle*, No. 3:11-CR-00113, 2021 WL 663667, at *1 (M.D. Tenn. Feb. 19, 2021). In this case, based on these factors, the Court should deny Jackson's motion.

Jackson acknowledged responsibility for possessing three kilograms of cocaine. That alone is enough reason to keep him on supervision beyond the 30 months he has spent. But in addition to the nature of his offense, Jackson's history and characteristics weigh in favor of continued supervision. He has a prior felony delivery of cocaine conviction, a prior felony possession of cocaine conviction, and other misdemeanor offenses. Jackson was sanctioned for misconduct while in prison and tested positive for using cocaine after his release. His record in and out of prison suggest, therefore, that continued supervision is necessary to deter new criminal conduct.

To his credit, Jackson has not engaged in new criminal conduct or failed another drug screen since November 2019.  And the government commends his continued employment and the support he claims. But the government recommends the Court deny Jackson's motion for early termination at this point because a larger period of supervision is necessary to reflect the nature of his offense, deter new criminal conduct and promote continued rehabilitation.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

<u>/s/ Craig Wininger</u>
Craig Wininger
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9569
Craig.Wininger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

        Respectfully submitted,

        SAIMA S. MOHSIN
        Acting United States Attorney
        /s/ Craig F. Wininger
        Craig F. Wininger  (57058)
        Assistant United States Attorney
        211 Fort Street, Suite 2001
        Detroit, MI 48226
        (313) 226-9569
        craig.wininger@usdoj.gov