UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                                       Case No. 10-CR-20166

vs.                                                                 HON. MARK A. GOLDSMITH

D-1 JERMAINE LOVE JACKSON,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO TERMINATE HIS TERM OF SUPERVISED RELEASE (Dkt. 75)

Before the Court is Defendant Jermaine Love Jackson's motion to terminate his term of supervised release under 18 U.S.C. § 3583(e) (Dkt. 75). For the reasons that follow, the Court denies Jackson's motion.[1]

A court may modify or terminate a term of supervised release upon consideration of factors identified in 18 U.S.C. § 3553(a). § 3583(e).[2] These factors counsel in favor of maintaining

---

[1] Jackson pleaded guilty to conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. Plea Agreement at PageID.153 (Dkt. 50). Jackson was sentenced to ten years in prison and eight years of supervised release. Judgment at PageID.230–231 (Dkt. 56). He began his term of supervised release on May 10, 2019. Mot. at 2.

Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 77).

[2] These factors are: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(B)–(D); (iii) "the kinds of sentence and the sentencing range established for" the applicable category of offense and any applicable guidelines or policy statements, id. § 3553(a)(4); (iv) "any pertinent policy statement" issued by the Sentencing Commission, id. § 3553(a)(5); (v) "the need to avoid

Jackson's current conditions of supervised release.  Jackson was responsible for the distribution of between 2 and 3.5 kilograms of cocaine.  Plea Agreement at PageID.153; Mot. at 2.  The nature of this offense encourages a denial of Jackson's request, as "[t]he circulation of addictive drugs such as cocaine presents a grave danger to the community's health and wellbeing."  United States v. Catchings, No. 12-20372, 2021 WL 3417912, at *4 (E.D. Mich. Aug. 5, 2021) (finding that cocaine-related offenses weighed against granting defendant's release under § 3553(a) analysis).  Additionally, Jackson has a demonstrated history of non-compliance with the terms of his detainment and supervision.  The Government notes that, while incarcerated, Jackson was sanctioned multiple times for infractions including the use of another inmate's phone, possession of 20 balloons of tobacco, and attempts to destroy contraband.  Resp. at 2–3.  Further, Jackson concedes that he has tested positive for cocaine use while on supervised release.  Mot. at 3.

The Government submits that "a larger period of supervision is necessary to reflect the nature of [Jackson's] offense, deter new criminal conduct and promote continued rehabilitation."  Resp. at 5.  The Court agrees.  Jackson's progress in maintaining employment and a stable personal life is admirable, see Mot. at 10–16, but the § 3553(a) factors collectively weigh in favor of continuing the conditions of supervision set at Jackson's sentencing.

For the foregoing reasons, the Court denies Jackson's motion for termination of his term of supervised release (Dkt. 75).

SO ORDERED.

Dated:  June 7, 2022                               s/Mark A. Goldsmith
    Detroit, Michigan                        MARK A. GOLDSMITH
                                                                United States District Judge

---

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6); and (vi) "the need to provide restitution to any victims of the offense," id. § 3553(a)(7).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2022.

                                              s/Karri Sandusky
                                              Case Manager